MEMORANDUM OPINION
 

 BIGGERS, Chief Judge.
 

 This cause comes before the court upon three motions: the defendant Chattanooga Group, Inc.’s (“Chattanooga”) motion for summary judgment, its supplement to the motion for summary judgment, and the defendant Campbell Clinic, Inc.’s (“Campbell”) motion for summary judgment. Upon due consideration of the parties’ memoranda and exhibits, the court is ready to rule.
 

 FACTS
 

 In January 1996, the plaintiff, Stylie Edwards, was injured in a work-related accident. As a result of the injury, Mr. Edwards underwent surgery to repair the medial meniscus of his left knee. Following this surgery, Mr. Edwards was prescribed physical therapy treatment for the knee at Campbell Clinic in Southaven, De-soto County, Mississippi. As part of his physical therapy treatment, Mr. Edwards was to perform exercises on a Kin Com 500H, a machine used in physical therapy treatment to evaluate and exercise patients. The Kin Com 500H is manufactured and sold by Chattanooga.
 

 
 *724
 
 On March 8, 1996, after being placed in a seated position on the Kin Com 500H machine by a licensed physical therapist, Mr. Edwards began preforming the prescribed exercises. Shortly thereafter, the velcro strap that was used to secure the shin pad on the lower portion of Mr Edwards leg unlatched or gave way. Mr. Edwards alleges that this action caused his heel to come into contact with the base of the Kin Com 500H machine. As a result, Mr. Edwards alleges that at that point he “heard a snap in his back and felt a pain that went all the way down his left leg.”
 
 See
 
 Memorandum in Support of Plaintiffs’ Response to Defendant Chattanooga Group Inc.’s Motion For Summary Judgment, p.2. This pain allegedly ■ continued and resulted in Mr. Edwards seeking medical treatment and ultimately surgery.
 

 Mr. Edwards and his wife, Harriette Edwards, originally filed this suit in the Circuit court of Desoto County, Mississippi in February 1998, against defendant Campbell and John Does # 1-10. The case was removed to this court based upon diversity of citizenship.
 
 [1]
 
 Thereafter, on October 1, 1998, the plaintiffs amended their complaint joining Chattanooga as a defendant.
 
 [2]
 
 The plaintiffs have alleged that defendant Campbell was negligent in its care and treatment of Mr. Edwards, that it negligently failed to maintain its equipment, that it failed to properly train and supervise its employees, failed to give reasonable care following the incident in issue, and failed to follow the proper standard of care.
 
 See
 
 Memorandum in Support of Plaintiffs’ Response to Defendant Chattanooga Group Ine.’s Motion For Summary Judgment, p.2. Further, the plaintiffs allege that defendant Chattanooga was negligent in its design and/or manufacture of the Kin Com 500H, was negligent in faffing to maintain the machine, negligent in failing to properly instruct, train, and/or warn users of the machine.
 
 Id.
 
 at p.3. The plaintiff, Stylie Edwards, is claiming damages for medical expenses, loss of income, pain and suffering and loss of enjoyment of life.
 
 Id.
 
 The plaintiff, Harriette Edwards, claims that she has suffered loss of companionship and loss of consortium.
 
 Id.
 
 The plaintiffs also seek punitive damages.
 
 See
 
 Plaintiffs’ Amended Complaint, 1Í 26. The defendants have filed the instant motions for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure.
 

 LAW
 

 On a motion for summary judgment, the movant has the initial burden of showing the absence of a genuine issue of material fact.
 
 Celotex Corp. v. Catrett,
 
 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265, 275 (1986) (“the burden on the moving party may be discharged by ‘showing’ ... that there is an absence of evidence to support the non-moving party’s case”). Under Rule 56(e) of the Federal Rules of Civil Procedure, the burden shifts to the non-movant to “go beyond the pleadings and by ... affidavits, or by the ‘depositions, answers to interrogatories, and admissions on file’ designate ‘specific facts showing that there is a genuine issue for trial.’ ”
 
 Celotex Corp.,
 
 477 U.S. at 324, 91 L.Ed.2d at 274. That burden is not discharged by “mere allegations or denials.” Fed.R.Civ.P. 56(e). All legitimate factual inferences must be made in favor of the non-movant.
 
 Anderson v. Liberty Lobby, Inc., 477
 
 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202, 216 (1986). Rule 56(c) mandates . the entry of summary judgment “against a party who fails to make a showing sufficient to establish the existence of an element essential to a party’s case and on which that party will bear the burden of proof at trial.”
 
 Celotex Corp., 477
 
 U.S. at 322, 91 L.Ed.2d at 273. Before finding that no genuine issue of material fact ex
 
 *725
 
 ists, the court must first be satisfied that no reasonable trier of fact could find for the non-movant.
 
 Matsushita Elec. Indus, v. Zenith Radio Corp.,
 
 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538, 552 (1986).
 

 Summary judgment may be granted only if everything in the record demonstrates that no genuine issue of material fact exists. Therefore, the district court must not “resolve factual disputes by weighing conflicting evidence, ... since it is the province of the jury to assess the probative value of the evidence.”
 
 Cather v. Catheter Technology Corporation,
 
 753 F.Supp. 634, 637 (S.D.Miss.1991)
 
 (quoting, Kennett-Murray Corp. v. Bone,
 
 622 F.2d 887, 892 (5th Cir.1980).) The court may not grant summary judgment where it merely believes it is unlikely that the opposing party will prevail at trial.
 
 National Screen Service Corp. v. Poster Exchange, Inc.,
 
 305 F.2d 647, 651 (5th Cir.1962). Although it is rare that a case is appropriate for summary judgment where the issues are based in negligence and products liability, the court finds that the defendants’ motions have merit.
 

 The plaintiffs have brought the following claims ly: against the defendants, respective-
 

 1. Failure to properly maintain physical therapy equipment,
 

 2. Failure to properly train and supervise employees;
 

 3. Failure to provide reasonable care following the incident in issue,
 

 4. Failure to follow the proper standard of care,
 

 5. Failure to properly monitor the physical therapy equipment,
 

 6. Negligent and/or wanton design and/or manufacture of the Kin Com 500H,
 

 7. Negligent and/or wanton failure to warn users of the Kin Com 500H,
 

 8. Negligent and/or wanton failure to instruct and/or train users of the Kin Com 500H,
 

 9. Negligent and/or wanton failure to incorporate adequate safety features into the design of the Kin Com 500H, and
 

 10.
 
 Res Ipsa Loquitur.
 

 See
 
 Memorandum in Support of Plaintiffs’ Response to Defendant Chattanooga Group Inc.’s Motion For Summary Judgment, p.2; Plaintiffs’ Amended Complaint; Memorandum in Support of Plaintiffs’ Response to Defendant Campbell Clinic Inc.’s Motion For Summary Judgment. For each of the claims listed, excepting only the plaintiffs’ claims under
 
 res ipsa loqui-tur,
 
 causation is an essential element.
 
 See
 
 Miss.Code Ann. § 11-1-63 (as amended 1999);
 
 Wyeth Laboratories, Inc. v. Forten-berry,
 
 530 So.2d 688 (Miss.1988);
 
 Cather v. Catheter Technology Corporation,
 
 753 F.Supp. 634, 637 (S.D.Miss.1991);
 
 Arinder v. Danek Med. Inc.,
 
 1999 WL 1129647 (N.D.Miss.1999);
 
 Ward v. Hobart Manufacturing Co.,
 
 450 F.2d 1176 (5th Cir.1981).
 

 “When confronted with a summary judgment motion, the respondent must come forward with some evidence in support of his claim.”
 
 Cather,
 
 753 F.Supp. at 638. The defendants’ motions for summary judgment include the opinion of their expert witness stating that based upon a reasonable degree of medical certainty, the plaintiff, Mr. Edwards, could not have sustained the type of back injury he alleges while on the Kim Com 500H machine.
 
 See
 
 Expert Opinion of Dr. James McQuire, Jr., p.2. The plaintiffs, in their Designation of Experts and supplements thereto, have designated two experts: Dr. Stephen Gip-son, a physician, and Dr. Gabel Shull, an economist.
 
 [3]
 
 The plaintiffs have not desig
 
 *726
 
 nated an expert to rebut this opinion or address any of the issues alleged in this matter requiring such expert testimony and/or proof, including, but not limited to, the defective nature of the Kin Com 500H machine, the defendants’ failure to supervise, train or warn its employees and/or users of the machine, the defendants’ failure to properly monitor and/or maintain the machine; or the defendants’ failure to follow a proper standard of care. Further, in terms of the plaintiffs’ claims brought under a simple negligence theory, the plaintiffs again have failed to put forth sufficient evidence of causation. According to the voluminous evidence presented, and specifically, the deposition testimony of Mr. Edwards’ physician and designated expert witness, Dr. Stephen Gipson, the plaintiffs have provided no evidence that the injuries complained of were in fact caused by any act or omission of either of the defendants.
 
 See
 
 Deposition of Stephen L. Gipson, M.D., p.38, lines 20-25; p.57, lines 1-24; p.68,lines 24-25; p.69 lines 1-6. In fact, the plaintiffs’ expert has stated that he cannot testify as to the exact nature of the cause of Mr. Edwards’ injury.
 
 Id.
 
 at p.57, lines 21-23.
 

 The court in
 
 Cather
 
 pointed out that, “the pleading of conclusory allegations does not, standing alone, create an issue of fact before the Court when it is considering a motion for summary judgment, and some scintilla of evidence must be placed before the Court in order to defeat the granting of the motion.”
 
 Cather,
 
 at 639. As the plaintiffs have failed to provide evidence of causation, the court finds that the defendants are entitled to judgment as a matter of law on all claims in this action, except for the plaintiffs’ claims brought under the theory of
 
 res ipsa loquitur.
 

 Without evidence of causation or other relevant expert testimony, the plaintiffs’ claims under the theory of
 
 res ipsa loquitur
 
 are all that remain.
 
 [4]
 

 Res ipsa loquitur
 
 is not, like negligence, a theory of recovery.
 
 Rogers v. Elk River Safe,
 
 1996 WL 671316, *4 (S.D.Miss.1996). Instead, it is a form of circumstantial evidence, one which, it appears, would be inapplicable in this case.
 
 Id.
 

 The Mississippi Supreme Court outlined the elements of the doctrine in
 
 Read v. Southern Pine Electric Power Ass’n,
 
 515 So.2d 916, 920 (Miss.1987), which include:
 

 1) the instrumentality causing the damage must be under the exclusive control of the defendant,
 

 2) the occurrence must be such as in the ordinary course of things would not happen if those in control of the instrumentality used proper care, and
 

 3) the occurrence must not be due to any voluntary act on the part of the plaintiff.
 

 Read v. Southern Pine Electric Power Ass’n,
 
 515 So.2d 916, 920 (Miss.1987). While it is understood that the requirement of “exclusive control” of the damaging instrumentality does not limit
 
 res ipsa
 
 to a single defendant; the doctrine may be applicable where authority is shared concerning the instrumentality in question and undoubtedly, more than one defendant could be responsible for the machine in question; any
 
 res ipsa
 
 claim in the instant case would fail on the first element.
 
 See Coleman v. Rice,
 
 706 So.2d 696 (Miss. 1997). By applying the facts of the instant action to the three elements, as listed
 
 *727
 
 above, it is clear that the Kin Com 500H machine was not under the exclusive control of either defendant. It is undisputed that at the time of the incident, the plaintiff was seated on the machine and was preforming exercises. Although the plaintiff was being supervised by an employee of the defendant Campbell, the machine was not exclusively under Campbell or Chattanooga’s, control. As such, the plaintiffs’ claims under a theory of
 
 res ipsa
 
 must also fad.
 

 CONCLUSION
 

 For the forgoing reasons, the court finds that the defendants’ motions for summary judgment should be granted. An order will issue accordingly.
 

 ORDER
 

 In accordance with the memorandum opinion this day issued, it is ORDERED:
 

 that the defendant Chattanooga Group, Inc.’s motion for summary judgment is GRANTED;
 

 that the defendant Chattanooga Group, Inc.’s supplemental motion for summary judgment is GRANTED;
 

 that the defendant Campbell Clinic, Inc.’s motion for summary judgment is GRANTED; and
 

 that this cause is DISMISSED with prejudice.
 

 THIS, the 15th day of March, 2000.
 

 [1]
 

 . The plaintiffs Stylie and Harriette Edwards will herein be collectively referred to as "plaintiffs” unless specifically named.
 

 [2]
 

 . The defendants Campbell and Chattanooga will herein be collectively referred to as "defendants” unless specifically named.
 

 [3]
 

 . By order of the Magistrate Judge processing the pretrial motions, dated September 21, 1999, the plaintiffs’ expert designations and supplements thereto were stricken from the record due to plaintiffs' failure to properly designate their experts as required by Rule 26(a)(2)(B) of the Federal Rules of Civil Procedure. This order effectively disallowed all of the plaintiffs' expert witnesses. The plaintiffs objected to the order pursuant to Rule 72
 
 *726
 
 of the Federal Rules of Civil Procedure. Thereafter, by order dated November 16, 1999, the trial judge allowed the plaintiffs’ expert witness designated as his treating physician, Dr. Stephen Gipson, and his expert witness designated as an economist, Dr. Cabel Shull, to be retained as potential witnesses at the trial of this cause, however all other designated expert witnesses remained stricken according to the September 21, 1999 ruling.
 

 [4]
 

 . There is some discrepancy as to whether the plaintiffs pleadings in this cause included claims under the theory of
 
 res ipsa loquitur.
 
 The court will, for purposes of this opinion, assume such claims have been properly made.